**H. G. GRIMMET et al., Appellants,**

**v.**

**Clara Lee WASHINGTON et vir, Appellees.**

**No. 14471.**

Court of Civil Appeals of Texas.

Houston.

Jan. 7, 1965.

Rehearing Denied Jan. 28, 1965.

Al Taylor, Houston, Brown, Kronzer, Abraham, Watkins & Steely, Houston, of counsel, for appellants.

Talbert, Giessel, Cutherell, Barnett & Stone, Tom W. Foster, Houston, for appellees.

COLEMAN, Justice.

This is a suit for damages for personal injuries sustained when the car in which appellants were riding was struck from the rear by a car driven by appellee. The jury found no acts of primary negligence on the part of appellee, and found acts of negligence on the part of appellant Coberley, the driver of the vehicle in which appellants were riding. A take nothing judgment was entered.

Appellants' points of error are to the effect that all of the answers returned by the jury to the special issues submitted concerning negligence and proximate cause are so against the great weight and preponderance of the evidence as to be clearly wrong.

In summary, it was the testimony of appellants that Coberley was driving Grimmet home after work. Coberley turned onto Yale Street about three or four blocks from the scene of the collision. He intended to turn left onto 33rd Street. About one-half block from the intersection of Yale and 33rd Streets he looked into his rearview mirror and the nearest vehicle he saw was about a block away. He activated his left turn signal and proceeded to come to a normal stop without again checking the traffic to his rear. He was forced to stop because of

heavy approaching traffic, and he remained stopped 15 to 30 seconds before he was struck from the rear by appellee.

Appellee testified that she was following in a line of traffic about three car lengths behind when the car in front of her stopped suddenly. She saw his brake light come on and immediately attempted to apply her brakes, but they failed. She swerved to the right, but, to avoid collision with other cars, immediately turned back to the left and collided with the Coberley car. She testified that had her brakes not failed she would have been able to avoid the collision.

The investigating officer testified that the point of impact, determined by the presence of debris, was 29 feet south of the south line of 33rd Street. Only one set of skid marks was visible. These began at the point of impact and extended 31 feet to the rear of appellee's vehicle. It was his opinion that they were made by that vehicle. The Coberley car came to rest 104 feet from the point of impact in the same traffic lane. The damage to the vehicle indicated that they had collided at an angle. The principal damage to appellee's vehicle was to the right front. He tested the brakes on appellee's vehicle and found no visible defects. Both drivers made written statements at the scene.

The Coberley statement read: "I was stopped on Yale waiting to make a left turn onto 33rd Street with signal on. The other car hit me, and I heard no brakes or nothing before it hit me in the rear."

The Washington statement read: "I was driving north on Yale approximately 25–30 miles an hour. I was following approximately one car length behind him when he stopped to turn left. I applied my brakes, but my right front struck his rear."

Mrs. Washington's testimony was rather inconsistent. Her testimony that her brakes failed was attacked by evidence that no repairs were made on the brakes after the accident. The testimony was sharply conflicting and it is rather difficult to reconcile either version of the accident with the physical facts.

The jury might reasonably have decided that Mrs. Washington was overtaking the Coberley vehicle and was approximately three car lengths behind it when she saw the brake light. She immediately applied her brakes but that considering reaction time the collision occurred before the vehicle began to slide. If the Coberley vehicle was going slower, it might well have been stopped suddenly without leaving visible skid marks. The jury found that Coberley failed to keep a proper lookout and stopped suddenly.

The only issue concerning the negligence of Mrs. Washington asked whether or not she failed to properly apply her brakes. The jury answered that she did not so fail. We are unable to say that this answer is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.

The judgment of the trial court is affirmed.